1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DAVID B. LABATO, SR.,            )   NO. EDCV 09-01710 SS
                                     )
12                  Plaintiff,       )
                                     )
13           v.                      )   **MEMORANDUM DECISION AND ORDER**
                                     )
14  MICHAEL J. ASTRUE,               )
    Commissioner of the Social       )
15  Security Administration,         )
                                     )
16                  Defendant.       )
    _____)

17

18                                 **I.**

19                            **INTRODUCTION**

20

21       David B. Labato, Sr. ("Plaintiff") brings this action seeking to

22  overturn the decision of the Commissioner of the Social Security

23  Administration (hereinafter the "Commissioner" or the "Agency") denying

24  his application for Disability Insurance Benefits ("DIB").  The parties

25  consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the

26  undersigned United States Magistrate Judge.  For the reasons stated

27  below, the decision of the Agency is REVERSED and REMANDED for further

28  proceedings.

## II.

### PROCEDURAL HISTORY

On October 27, 2006, Plaintiff filed an application for DIB under Title II and Part A of Title XVIII of the Social Security Act. (Administrative Record ("AR") 86). Plaintiff alleged a disability onset date of September 1, 2006. (AR 86). The Agency initially denied his application on December 7, 2006, and upheld the denial on April 3, 2007. (AR 40, 41). Plaintiff then requested a hearing, which was held before Administrative Law Judge ("ALJ") Barry S. Brown on August 28, 2008. (AR 24-38). Plaintiff appeared without counsel and testified. (AR 26-38). Subsequently, the ALJ submitted interrogatories to a Medical Expert ("ME"), Dr. Alanson A. Mason, and a Vocational Expert ("VE"), Alan Boroskin. (AR 136-146).

In a report dated November 11, 2008, the ME concluded that Plaintiff suffered from bilateral osteoarthritis of the knees, a torn lateral meniscus in the right knee, a torn posterior cruciate ligament in the right knee, a status post partial medial mensicectomy in both knees, morbid obesity, and status post anterior cruciate ligament reconstruction of the right knee. (AR 143). He also concluded that Plaintiff "appear[ed] capable of narrow range light work," including standing and walking for less than 6 hours and work that was restricted to a seated position with no limitations on lifting ability. (AR 146).

\\

\\

\\

2

In a report dated January 14, 2009, the VE concluded that Plaintiff had a sedentary Residual Functional Capacity ("RFC")[1] based on the ME's conclusions. (AR 140). The VE reported that Plaintiff had the ability to work as a document preparer, an order clerk, and an information clerk. (AR 140).

On April 17, 2009, the ALJ issued a decision denying benefits. (AR 15). Plaintiff sought review of this decision before the Appeals Council. On July 13, 2009, the Appeals Council denied review. (AR 1). Plaintiff filed the instant action on March 5, 2010.

**III.**

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[2] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in

---

[1] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

[2] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

the national economy.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. § 416.920.  The steps are:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled. If not, proceed to step two.

(2)   Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4)   Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)   Is the claimant able to do any other work? If not, the claimant is found disabled.   If so, the claimant is found not disabled.

<u>Tackett</u>, 180 F.3d at 1098-99; see also <u>Bustamante v. Massanari</u>, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  <u>Bustamante</u>, 262

F.3d at 953-54.   If, at step four, the claimant meets his burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's RFC, age, education and work experience.  Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1).   The Commissioner may do so by the testimony of a VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).   When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a VE.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

**IV.**

**THE ALJ'S DECISION**

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 15).   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2006.  (AR 10).  At step two, he found that Plaintiff had the severe impairments of bilateral osteoarthritis of the knees, status post bilateral partial medial meniscectomy, morbid obesity, and status post anterior cruciate ligament reconstruction of the right knee.  (AR 10).

\\

At step three, the ALJ found that the severe impairments at step two did not meet or medically equal a listed impairment. (AR 10).

At step four, the ALJ found that Plaintiff was not capable of performing his past relevant work as a fork lift operator, sale clerk, automobile parts manager, truck driver, and an insulator installer. (AR 13). He also found that Plaintiff had the RFC to perform a "wide range of sedentary work" and was able to "sit 6 hours in an 8 hour day; stand and walk 2 hours in an 8 hour day; can lift and carry occasionally 20 pounds and 10 pounds frequently; can use upper extremities without any restrictions; can use bilateral lower extremities for repetitive movements; is moderately restricted from unprotected heights and exposure in marked changes in temperature and humidity; and is mildly restricted from being around moving machinery and driving automotive equipment." (AR 10).

At step five, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (AR 14). Specifically, the ALJ concluded that Plaintiff could perform the job requirements of a document preparer, order clerk, and an information clerk. (AR 14). Thus, the ALJ concluded that Plaintiff was not disabled. (AR 15).

## V.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the

6

1  Commissioner's decision when the ALJ's findings are based on legal error
2  or are not supported by substantial evidence in the record as a whole.
3  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v.
4  Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

6     "Substantial evidence is more than a scintilla, but less than a
7  preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
8  which a reasonable person might accept as adequate to support a
9  conclusion." Id.  To determine whether substantial evidence supports
10 a finding, the court must "'consider the record as a whole, weighing
11 both evidence that supports and evidence that detracts from the
12 [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny
13 v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can
14 reasonably support either affirming or reversing that conclusion, the
15 court may not substitute its judgment for that of the Commissioner.
16 Reddick, 157 F.3d at 720-21.

18                            **VI.**

19                        **DISCUSSION**

21     Plaintiff contends the ALJ erred for four reasons: (1) Plaintiff
22 was prejudiced by the ALJ's failure to advise him of his right to
23 representation and obtain a knowing waiver (Memorandum in Support of
24 Plaintiff's Complaint ("Complaint Memo.") at 3-4); (2) the ALJ erred by
25 relying on a non-testifying medical witness whose report was flawed by
26 failing to address all the medical evidence of record (id. at 5-7); (3)
27 the ALJ erred by failing to properly assess Plaintiff's credibility (id.

28

1  at 7-9); and (4) the ALJ failed to fully and fairly develop the record.
2  (Id. at 9-11).

3

4      The Court agrees with Plaintiff's first and fourth contentions.
5  For the reasons discussed below, the Court finds that the ALJ's decision
6  should be reversed and this action remanded for further proceedings.

7

8  **A.   Remand Is Required Because The ALJ Failed To Properly Advise**
9     **Plaintiff Regarding His Right To Representation**

10

11     Plaintiff claims that the ALJ failed to properly advise him
12  regarding his right to representation. (Complaint Memo. at 3-4). The
13  Court agrees.

14

15     When a claimant appears at a hearing without counsel, the ALJ has
16  an obligation to inform the claimant of options other than self-
17  representation. The Ninth Circuit has held that an ALJ must explain to
18  a pro se claimant in a disability case the "avenues which [the pro se
19  claimant] could pursue in obtaining counsel." Cruz v. Schweiker, 645
20  F.2d 812, 814 (9th Cir. 1981). In the alternative, the ALJ must probe
21  for additional facts and "explain to the claimant the type of showing
22  which the applicant had to make in order to prove his case
23  successfully." Id.

24

25     Here, the transcript of the hearing demonstrates that the ALJ
26  failed to explain to Plaintiff the avenues he could pursue in obtaining
27  counsel. (See AR 24-39). In his opening statement, the ALJ stated,
28  "I'm an Administrative Law Judge with the Office of Disability

Adjudication and Review of the Social Security Administration.  Now do you have any objection to my receiving into evidence the documents that are now in your exhibit file?"  (AR 26).  The ALJ then discussed subsequent medical records that Plaintiff would submit into the record, before swearing Plaintiff in and beginning to take Plaintiff's testimony by asking "Now your name is David B. Labato, Sr., is that right?"  (AR 27).  The ALJ then continued to ask Plaintiff questions, without even an inquiry as to whether the Plaintiff wished to proceed without counsel.  (AR 27-38).

In addition, the ALJ failed to "probe for additional facts and explain to the claimant the type of showing which the applicant had to make in order to prove his case successfully."  Cruz, 645 F.2d at 813.  Although the ALJ briefly explained the hearing process, he nevertheless failed to satisfy Cruz because he offered no explanation to Plaintiff regarding the showing he needed to make to prove his case.  (See AR 26-27).

The ALJ failed in other respects to satisfy his obligations to a pro se claimant in a disability action.  As the Ninth Circuit has repeatedly observed:

> [W]here the claimant is not represented, it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts.  He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.

1  Higbee v. Sullivan, 975 F.2d 558, 560 (9th Cir. 1992) (citing Cox v.
2  Califano, 587 F.2d 988, 991 (1978)(citations omitted); and Heckler v.
3  Campbell, 461 U.S. 458, 470-73, 103 S. Ct. 1952, 1959-60, 76 L. Ed. 2d
4  66 (1983)).  This record does not demonstrate that the ALJ was diligent
5  in ensuring that both the "favorable and unfavorable facts" were
6  elicited.  Plaintiff was further prejudiced by the ALJ's failure to
7  comply with his obligations because Plaintiff did not have the
8  opportunity to cross-examine the ME and the VE.  (See AR 24-39).
9
10      The Supreme Court has held that a written report by an examining
11  physician may constitute substantial evidence when a plaintiff has not
12  exercised the right to subpoena the reporting physician and thus has
13  forfeited the opportunity for cross-examination.  See Richardson v.
14  Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 28 L. Ed. 2d. 842 (1971).
15  However, a plaintiff cannot be denied the opportunity to cross examine
16  or rebut testimony.  Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir.
17  1988).  In Burkhart, the ALJ had concluded that the plaintiff could not
18  perform any past relevant work.  Id.  The ALJ, though, did not consult
19  a VE, and instead speculated as to the work that the plaintiff could
20  perform.  Id.  Such actions "effectively deprived [plaintiff] of an
21  opportunity to cross-examine a witness or rebut testimony."  Id.
22
23      Here, Plaintiff's hearing was held on August 28, 2008.  (AR 24-39).
24  The ALJ submitted interrogatories to the ME and VE, which were completed
25  on November 11, 2008, and January 14, 2009, respectively.  (AR 142-146;
26  136-140).  The record does not indicate why the ALJ chose to use
27  interrogatories or whether Plaintiff received notice of the
28  interrogatories.  It appears that Plaintiff was not provided with

1   sufficient information to make an informed decision about whether
2   Plaintiff needed to request that the ALJ subpoena the VE or ME to allow
3   for cross-examination.  Thus, Plaintiff was effectively "deprived . .
4   . of an opportunity to cross examine a witness or rebut testimony."
5   Burkhart, 853 F.2d at 1341.  Accordingly, the case must be remanded to
6   provide Plaintiff an opportunity to cross-examine the ME and VE.

7

8   **B.   The ALJ Failed To Properly Consider The Effect Of Plaintiff's**
9       **Obesity On His Other Impairments**

10

11   Plaintiff claims that the ALJ failed to fully and fairly develop
12   the record in three separate aspects.  (Complaint Memo. at 9-11).
13   First, Plaintiff argues that the ALJ failed to develop the record
14   relating to the severe impairment of morbid obesity.  (Id. at 9).
15   Second, Plaintiff argues that the ALJ failed to develop the record by
16   failing to contact his treating physician, Dr. Fisher.  (Id. at 10).
17   Third, Plaintiff argues that the ALJ failed to develop the record by
18   failing to "scrupulously and conscientiously probe into, inquire of, and
19   explore all the relevant facts." (Id. at 11) (internal quotation marks
20   omitted).   The Court agrees with Plaintiff's first argument and
21   therefore need not reach his second and third arguments.

22

23   The Ninth Circuit has held that where there is evidence of
24   obesity, the ALJ must determine the effect of the claimant's obesity
25   upon his other impairments, his ability to work, and his general health.
26   See Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003) ("The ALJ was
27   responsible for determining the effect of [the claimant's] obesity upon
28   her other impairments, and its effect on her ability to work and general

11

1  health, given the presence of those impairments."); see also Social
2  Security Ruling 02-01p (requiring an ALJ to consider the effects of
3  obesity at several points in the five-step sequential evaluation).

4

5     Here, the record is replete with either diagnoses of, or references
6  to, Plaintiff's obesity.  Indeed, the ALJ acknowledged that Plaintiff
7  had the severe impairment of morbid obesity.  (AR 10).  In response to
8  the ALJ's Medical Interrogatory, the ME listed morbid obesity as one of
9  Plaintiff's impairments.  (AR 143).  Nevertheless, the ALJ did not
10 analyze the effect of Plaintiff's obesity on his other impairments,
11 especially the arthritis in his knees.  (See AR 11-13).  This omission
12 was error.  See Celaya, 332 F.3d at 1182; see also Barrett v. Barnhart,
13 355 F.3d 1065, 1068-69 (7th Cir. 2004) (ALJ erred in not considering
14 effect of Plaintiff's obesity on claimant's arthritis); Clifford v.
15 Apfel, 227 F.3d 863, 873 (7th Cir. 2000) (evidence of obesity required
16 ALJ to consider weight issue with the aggregate effect of claimant's
17 other impairments).  Remand is appropriate on this basis as well.  On
18 remand, the ALJ must consider the effect of Plaintiff's obesity as a
19 medically determinable impairment and its effect on his other
20 impairments.

21

22 \\

23 \\

24 \\

25 \\

26 \\

27 \\

28 \\

**VII.**

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 15, 2010

                                        _____/S/_____
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE

---

[3]  This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."